UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RAHTAH MENIOOH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUMBOLDT COUNTY, et al.,<br><br>　　　　Defendants. | Case No.  20-cv-05634-RMI<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 19, 26 |

Now pending before the court is a Motion (dkt. 19) filed by Defendants, the County of Humboldt and Kristin Ellis ("Defendants"), seeking dismissal of Plaintiff's First Amended Complaint ("FAC") (dkt. 11) without further leave to amend; also pending before the court is Plaintiff's Motion (dkt. 26) to file a Second Amended Complaint ("SAC"). For the reasons stated below, the Defendants' request for a dismissal with prejudice is granted, and Plaintiff's Motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is the father of a girl ("I.M.") who was one-year-old at the time of the subject incident. *See* FAC (dkt. 11) at 1, 4. Plaintiff's child, I.M., resided in Plaintiff's home at the time, along with the mother and a four-year-old boy identified as "B.M.K." *Id*. at 4. Plaintiff alleges that on August 1, 2017, I.M.'s grandmother, Sue Capolupo,[1] made statements to unidentified "Doe" employees of the Humboldt County Child Welfare Services ("CWS") "regarding PLAINTIFF's customs and traditions for aborigines' children [*sic*]." *Id*. at 3. Plaintiff

---

[1] Plaintiff named Sue Capolupo as a Defendant in the initial complaint, *see* Compl. (dkt. 1) at 2, but voluntarily dropped her upon filing the FAC. *See* FAC (dkt. 11) at 3.

1   further alleges that the CWS employees and Defendant social worker Ellis then "fabricated" the
2   grandmother's statements in order "to investigate and seek an investigative warrant." *Id*. at 3, 5.
3         On August 2, 2017, Humboldt County Sheriff's Office deputies and CWS employees
4   responded to the family's home in Manila but were denied entry by Plaintiff and the children's
5   mother. *See* Request for Judicial Notice ("RFJN"), Exh. A (dkt. 20) at 7. Plaintiff stated that he
6   "opposed" the investigation. FAC (dkt. 11) at 4. The following day, August 3, 2017, Defendant
7   Ellis successfully petitioned for a warrant that, according to Plaintiff "was based on no facts or
8   probable cause." *Id*.; *see also* RFJN, Exh. A (dkt. 20) at 2-8. Plaintiff further alleges that the
9   warrant affidavit included false assertions that: (1) Plaintiff "practices a religion called Earth
10  Center of Maanu and believes in purification"; (2) the mother pours boiling water on parts of
11  I.M.'s body as part of a purification ritual; (3) the family does not use conventional doctors; (4)
12  the parents say they are not citizens of America but the Universe; (5) the father of B.M.K. stated
13  that he has a recording of a conversation the mother had with Sue Capolupo wherein the mother
14  stated she poured boiling water on I.M.'s genital areas "to reduce the child's sexual feelings to
15  keep her from being promiscuous when she is older"; and (6) when B.M.K.'s father speaks with
16  his son, Plaintiff "will often take the phone and began [*sic*] shouting at [the father] saying that
17  [B.M.K.] is a bad child and needs to be beaten." FAC (dkt. 11) at 6, 9; *see also* RFJN, Exh. A
18  (dkt. 20) at 7-8. Plaintiff alleges that the affidavit omitted facts such as "the water is boiled and
19  cooled before [being] applied to any child," and "all information given about the aborigine baths
20  which is the foundation to Modern showers and baths." FAC (dkt. 11) at 10. Plaintiff also alleges
21  that Defendants "failed to further investigate the aborigine baths by contacting the Earth Center
22  representatives to gain understanding of the customs" which they were investigating. *Id*. Further,
23  Plaintiff claims that Sue Capolupo will state that she did not make the unidentified statements
24  attributed to her—apparently those attributed to Capolupo by the father of B.M.K. *Id*. at 6.
25        Plaintiff alleges that on August 7, 2017, in executing the warrant, the unidentified CWS
26  employees "searched Plaintiff's residence, interviewed the 4-year-old (B.M.K.) and forced the
27  mother to go with them to the hospital for a medical exam of Plaintiff's one-year-old daughter
28  [I.M.]." *Id*. at 4; *see also* RFJN, Exh. A (dkt. 20) at 1. Plaintiff further alleges that the actions of

Defendant Ellis and the unnamed CWS workers were "retaliatory" and "motivated by Plaintiff's freedom of speech of informing [Defendants] to close the referral or get a warrant" during the August 2, 2017 visit. FAC (dkt. 11) at 11.

Plaintiff filed his original complaint on August 13, 2020. *See* Compl. (dkt. 1). The complaint was dismissed by the court pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend. *See* Order of September 15, 2020 (dkt. 10). Plaintiff filed a FAC on October 15, 2020, setting forth four causes of action. *See* FAC (dkt. 11). Plaintiff's first claim is brought pursuant to 42 U.S.C. § 1983 for unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. *Id*. at 15. By way of his second claim, Plaintiff asserts that, under Section 1983, Defendants' actions constituted retaliation in violation of his rights under the First Amendment. *Id*. at 15-16. Plaintiff's third claim appears to be a hybrid claim which restates his Section 1983 claims for unlawful search and seizure, combined with a Section 1983 claim against the County under *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658 (1978). *Id*. at 16-22. Plaintiff's final claim is entitled "Defamation," and purports to be authorized by 28 U.S.C. § 4101. *Id*. at 22-23. Plaintiff seeks compensatory and punitive damages, a declaration that Defendants violated the Fourth Amendment, and an injunction enjoining the Defendants from engaging in the conduct alleged in the complaint. *Id*. at 23-24.

January 12, 2021, Defendants filed a motion to dismiss Plaintiff's complaint in its entirety on the grounds that his Section 1983 claims are time-barred by the statute of limitations and his 28 U.S.C. § 4101 claim is incognizable. *See* Motion to Dismiss (dkt. 19). Instead of filing a response to the Defendants' motion, Plaintiff filed a Motion to Amend his Complaint along with a Proposed Second Amended Complaint ("PSAC"), in which he asserts that a three-year statute of limitations should apply to his complaint. *See* Motion to Amend (dkt. 26); PSAC (dkt. 27). Defendants responded in opposition to Plaintiff's motion to amend on the basis that it was futile and improperly filed. *See* Opposition and Objection to Motion for Leave to File SAC (dkt. 29). On March 1, 2020, the undersigned conducted a motion hearing, during which Plaintiff stated that he neither lived at the house where the warrant was executed, nor was he present during its execution.

*See* Motion Hearing (dkt. 30).[2] Plaintiff also stated that he became aware of the warrant on the day it was executed, August 7, 2017. *Id*. During the motion hearing, the court granted Plaintiff an opportunity to respond to the Defendants' Opposition and Objection to Motion for Leave to File SAC. *Id*.; *see also* Def.'s Opp. (dkt. 29). Rather than filing a written response to Defendants' opposition and objection, Plaintiff filed an untimely Opposition to the Defendants' Motion to Dismiss, in which he reasserts the claim that a three-year statute of limitations should instead be applied to his complaint and that the court should grant his request for leave to file a SAC. *See* Opposition to Defendants' Motion to Dismiss (dkt. 31).

## STANDARD OF REVIEW

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978). In the present context, in order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege facts that "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); thus, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party," *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998), the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, mere recitals of the elements of a cause of action, supported only by conclusory statements, are insufficient. *Iqbal*, 556

---

[2] This stands in contradiction to assertions made by Plaintiff in his initial and First Amended Complaints. *See* Compl. (dkt. 1) at 15 ("PLAINTIFF even went as far as getting on his roof top of his home for not being shown deference for honoring his Ancestral culture."); FAC (dkt. 11) at 15-16 ("Defendants have violated Plaintiffs' First Amendment rights to speech by retaliating on PLAINTIFF for verbal [*sic*] establishing his right to privacy and security ta [*sic*] his home."). Indeed, Plaintiff's contradictory assertions call into question whether Plaintiff has standing to bring the claims in this complaint. However, the court need not wade into those waters as the court finds that even if Plaintiff could establish standing, his claims are barred by the statute of limitations.

U.S. at 678; *Twombly*, 550 U.S. at 555.

Further, because Plaintiff is unrepresented, this court will construe his pleadings and arguments liberally, interpreting them to raise the strongest arguments they suggest. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("[c]ourts have a duty to construe *pro se* pleadings liberally, including *pro se* motions"); *cf. Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (*per curiam*) (habeas corpus petition that presents claims cognizable under 42 U.S.C. § 1983 should be construed to that extent as a complaint under Section 1983); *with*, *Franklin v. State of Oregon*, 662 F.2d 1337, 1347-48 & n.13 (9th Cir. 1981) (courts should construe *pro se* pleadings liberally; construing Section 1983 complaint as a habeas corpus petition).

Dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of pleaded facts that would entitle her or him to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In short, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must plausibly suggest a claim entitling the plaintiff to relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

## DISCUSSION

*Plaintiff's Section 1983 Claims are Barred by the Statute of Limitations*

All causes of action in Plaintiff's initial and First Amended complaints arise from, and are based upon, the procurement of the subject warrant on August 3, 2017, and its execution on August 7, 2017. As explained below, Plaintiff's Section 1983 claims are barred by the statute of limitations.

A party may raise a statute of limitations defense in a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1004 (N.D. Cal. 2015) ("A plaintiff fails to state a claim, and therefore dismissal is appropriate, where his failure to comply with the applicable statute of limitations is evident from the allegations of the complaint."). The statute of limitations for Section 1983 claims is that which is provided by the forum state's law for personal injury torts. *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711

5

(9th Cir. 1993). California's statute of limitations for personal injury torts is two years. Cal. Code Civ. P. § 335.1; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting that the statute of limitations changed from one year to two years in 2003). Thus, Section 1983 claims that arise in California are subject to a two-year statute of limitations. *Id*. The accrual date of a Section 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A civil rights claim accrues under federal law "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994) (quoting *Norco Construction, Inc. v. King Cty.*, 801 F.2d 1143, 1145 (9th Cir. 1986).

Plaintiff alleges three Section 1983 claims against Defendants for deprivation of his rights under the First, Fourth, and Fourteenth Amendments. All of his claims are based on alleged violations which occurred when Defendant Ellis allegedly made materially false statements and omissions in obtaining the subject warrant on August 3, 2017, and when the warrant was executed on August 7, 2017. *See* Compl. (dkt. 1) at 12; FAC (dkt. 11) at 4, 11, 22; *see also* RFJN, Exh. A. These same dates are also corroborated by the Application and Declaration in Support of the warrant and proof of service for the warrant, of which this court takes judicial notice. It should also be noted that this court has previously taken judicial notice of Exhibit A to the RFJN in a parallel proceeding. *See Capolupo v. Eills*, No. 18-CV-07458-RMI, 2019 WL 2327883, at *3 (N.D. Cal. May 31, 2019); *see also Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in Federal Court of State Court orders and proceedings); *Bunkley v. Verber*, No. 17-CV-05797-WHO, 2018 WL 1242168, at *2-3 (N.D. Cal. 2018) (taking judicial notice of arrest warrant).[3] Further, Plaintiff confirmed during the motion hearing that he was made aware of the warrant on the date of its execution (that is, on August 7, 2017). Thus, Plaintiff's Section 1983 claims accrued on August 7, 2017, rendering his complaint (filed on August 13,

---

[3] "A matter that is properly subject to judicial notice under Federal Rule of Evidence 201 may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim." *Flanagan v. Fed. Sav. & Loan Ins. Corp.*, No. 94-16965, 1996 U.S. App. LEXIS 8394, at *13-14 (9th Cir. Apr. 4, 1996) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)); *Hernandez v. Sutter W. Capital*, C 09–03658 CRB, 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) (same).

1  2020) late by more than a year.

2        In short, Plaintiff argues that California's Section 1983 limitations period should not apply
3  to his claims, but that the court should instead apply other limitations periods. *See* Opposition to
4  Defendants' Motion to Dismiss (dkt. 31) at 3-4 (citing to New York and New Mexico's three-year
5  statute of limitations). Plaintiff also asserts that the court should look to the "nature of the
6  complaint" in determining the appropriate limitations period and that, in so doing, his claims
7  would be best analogized to a "deliberate indifference" claim, which he argues would require a
8  three-year limitations period. *Id*. at 5; *see also* PSAC at 3. However, it is well established that the
9  forum state's limitations period for personal injury torts applies to Section 1983 claims and in this
10 context and, as stated above, California provides a two-year statute of limitations. *See Taylor*, 993
11 F.2d at 711 (9th Cir. 1993). Additionally, the limitations period does not depend on "the nature of
12 the underlying right being asserted" such that each state applies the same statute of limitations to
13 all Section 1983 claims. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124
14 (2005). Thus, Plaintiff's request to apply a three-year statute of limitations is not appropriate.[4]

*Plaintiff is Not Entitled to Equitable Tolling*

16       Although Plaintiff has not met his burden of asserting that the statute of limitations should
17 be equitably tolled,[5] out of an abundance of caution the court will analyze whether tolling should
18 be applied. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of
19 limitations for personal injury actions, along with the forum state's law regarding tolling,
20 including equitable tolling, except to the extent any of these laws is inconsistent with federal law."
21 *Jones*, 393 F.3d at 928 (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). Under
22 California's test for equitable tolling, a plaintiff must satisfy the following three conditions: "(1)
23 defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being
24 required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been

---

[4] The court would note that even if a three-year statute of limitations was applied, Plaintiff's complaint would still be time-barred because the claims accrued on August 7, 2017 and his complaint was filed August 13, 2020 – three years and six days later.

[5] *See Capital Options, LLC v. Goldsmith (In re Capital Options, LLC)*, 719 F. App'x 609, 612 (9th Cir. 2018) (citing *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)).

United States District Court
Northern District of California

reasonable and in good faith." *Bacon v. City of L.A.*, 843 F.2d 372, 374 (9th Cir. 1988) (applying California law).

Applying this standard, the court finds that Plaintiff is not entitled to equitable tolling. First, Plaintiff has alleged no facts which would support equitable tolling in his initial complaint, his FAC, his PSAC, or in any of his filings. Thus, he has not met his burden. *See Capital Options*, 719 F. App'x at 612. Second, Plaintiff is unable to establish that he placed Defendants on notice of his claims within the limitations period. *See Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) ("The timely notice requirement essentially means that the first claim must have been filed within the statutory period."). Third, even if Plaintiff was able to establish timely notice, which he is not, he is unable to establish that his conduct was "reasonable and in good faith," where he waited more than twelve months after the expiration of the statute of limitations before filing his complaint. *See Ervin v. Cty. of L.A.*, 848 F.2d 1018, 1020 (9th Cir. 1988) ("appellant's unwarranted delay in filing her federal civil rights claim was neither reasonable nor in good faith."); *Claraty v. Hall-Mills*, No. 18-cv-06861-JCS, 2020 U.S. Dist. LEXIS 417, at *10 (N.D. Cal. Jan. 2, 2020) (finding the Plaintiff did not act in good faith by filing seventeen months after statute of limitations expired); *Ortega v. Flores*, No. 19-cv-00319-HSG, 2019 U.S. Dist. LEXIS 206472, at *12 (N.D. Cal. Nov. 27, 2019) (finding the plaintiff did not pursue his claims in good faith by filing 4 years after applicable limitations period expired).

In summary, liberally construing the complaint and making all reasonable inferences in Plaintiff's favor, the court grants Defendants' motion to dismiss with prejudice as to Plaintiff's Section 1983 claims because they are barred by the statute of limitations and are not entitled to equitable tolling. *See Jablon*, 614 F.2d at 682 (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint" and the assertions of the complaint do not permit a showing that the statute was tolled).

*Plaintiff's Claim Under 28 U.S.C. § 4101 is Not Cognizable*

Plaintiff's final claim is entitled "Defamation" and is brought pursuant to "28 U.S. 4101." FAC (dkt. 11) at 22-23. Section 4101 of Title 28 is the definitions section for the Securing the Protection of our Enduring and Established Constitutional Heritage Act (the "SPEECH Act"). The

8

1  SPEECH Act makes foreign defamation judgments unenforceable in the United States unless it
2  can be shown that such judgments satisfy the protections of freedom of speech and press
3  guaranteed by both the First Amendment to the United States Constitution and the constitution of
4  the state in which the domestic court is located. *See* 28 U.S.C. § 4102(a)(1); *Naoko Ohno v. Yuko*
5  *Yasuma*, 723 F.3d 984, 1004 n. 22 (9th Cir. 2013). "The Act was prompted by a perceived
6  increase in the frequency of foreign libel judgments inconsistent with the First Amendment . . .
7  and concern that these suits were 'significantly chilling American free speech and restricting both
8  domestic and worldwide access to important information.'" *Naoko*, 723 F.3d at n. 22. A claim for
9  defamation cannot be brought under the SPEECH Act because it is well established that, "28
10 U.S.C. § 4101 is simply a definitional section (for statutes relating to foreign judgments) and does
11 not provide for a private right of action." *Hall-Johnson v. City & Cty. of S.F.*, No. 18-cv-01409-
12 LB, 2018 U.S. Dist. LEXIS 230486, at *23-24 (N.D. Cal. Sep. 6, 2018); *Dorsett v. DeSanto*, No.
13 16-cv-05802-JST, 2017 U.S. Dist. LEXIS 13600, at *4 (N.D. Cal. Jan. 31, 2017) ("While 28
14 U.S.C. § 4101 defines "defamation," it does not provide for jurisdiction in federal district court in
15 suits brought by private citizens against private citizens of the same state.").

16 Here, Plaintiff alleges that "Defendant 'OFFICER' [*sic*] declaration made to the magistrate
17 on Aug. 3, 2017 are defamatory per se." FAC (dkt. 11) at 22. He makes no reference to a
18 defamation judgment, let alone a foreign one. *See Dorsett*, 2017 U.S. Dist. LEXIS 13600, at *4
19 ("The section was enacted to make 'foreign defamation judgments unenforceable in the United
20 States unless it can be shown that such judgments' are valid in light of the First Amendment, and
21 is inapplicable in this case."). Based on the above, Plaintiff's claim brought pursuant to 28 U.S.C.
22 § 4101 is dismissed with prejudice.

## CONCLUSION

24 Accordingly, because the court concludes that Plaintiff's Section 1983 claims are time-
25 barred; because his defamation claim, filed pursuant to 28 U.S.C. § 4101, is not cognizable; and
26 because any attempt to plead around the statute of limitations would be futile, the complaint is
27 properly dismissed with prejudice. *See In re Daou Systems*, 411 F.3d 1006, 1013 (9th Cir. 2005)
28 (complaint may be dismissed with prejudice if it is clear that it cannot be saved by amendment);

*Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996) ("Dismissing a complaint without leave to amend is appropriate when granting leave would serve no purpose because the acts complained of cannot constitute a claim for relief."); *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (dismissal with prejudice is proper if amendment "would be futile in saving the plaintiff's case"). Therefore, for the reasons stated herein, Defendants' Motion to Dismiss (dkt. 19) the operative complaint with prejudice is **GRANTED**; and Plaintiff's motion to Amend or Correct his operative complaint (dkt. 26) is **DENIED**.

A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: March 31, 2021

ROBERT M. ILLMAN
United States Magistrate Judge